**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE**

| | |
|---|---|
| GREENFIRST FOREST PRODUCTS INC. AND GREENFIRST FOREST PRODUCTS (QC) INC., | ) ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) Court No. 22-00097 |
| UNITED STATES, | ) ) ) |
| *Defendant*. | ) ) ) |

**PLAINTIFFS' OPPOSITION TO**
**THE COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS ("COALITION")'S MOTION TO INTERVENE**

Yohai Baisburd
Jonathan Zielinski
Sarah E. Shulman

**CASSIDY LEVY KENT (USA) LLP**
900 19th Street, N.W.
Suite 400
Washington, D.C. 20006
 (202) 567-2300

*Counsel to GreenFirst Forest Products Inc.*
*and GreenFirst Forest Products (QC) Inc.*

April 29, 2022

# Table of Contents

Page

I. The COALITION Mischaracterizes This Case By Ignoring That The Result Will Not Affect GreenFirst's Cash Deposit Rate ................................................................... 2

II. The COALITION's Intervention Would Prejudice GreenFirst by Causing Unnecessary Delay ............................................................................................................ 3

III. The COALITION Cannot Intervene As a Matter of Right and Should Not Be Permitted to Intervene ...................................................................................................... 4

    A. The COALITION Cannot Intervene as a Matter of Right ........................................ 4

        1. The COALITION does not have a "legally protectable" interest in this action ................................................................................................. 5

        2. The COALITION does not have a direct and immediate interest; the contingent nature of its interest means it cannot be impaired by this action ................................................................................................. 7

        3. Even if the COALITION had a recognizable interest in this action, it would be protected by the government's position ..................................... 9

    B. The COALITION Should Not be Permitted to Intervene ......................................... 9

IV. Conclusion ..................................................................................................................... 10

## Table of Authorities

Page(s)

Statutes

28 U.S.C. § 1581(c) ..........................................................................................................4, 9

28 U.S.C. § 1581(i) .............................................................................................................10

28 U.S.C. § 2631(j)(1)(B) .....................................................................................................7

Court Decisions

*Manuli Autoadevsivi SpA v. United States*, 602 F. Supp. 96 (Ct. Int'l Trade 1985) .................................................................................................................................4

*Pub. Serv. Co. v. Patch*, 136 F.3d 197 (1st Cir. 1998) ................................................... 6-7

*Wade v. Goldschmidt*, 673 F.2d 182 (7th Cir. 1982) ........................................................7

*Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns*, 695 F.3d 1310 (Fed. Cir. 2012) .................................................................................................5

Administrative Determinations

*Certain Pasta from Turkey: Preliminary Results of Countervailing Duty Changed Circumstances Review*, 74 Fed. Reg. 47,225 (Sept. 15, 2009) .........................................6

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |
|---|---|
| GREENFIRST FOREST PRODUCTS INC. AND GREENFIRST FOREST PRODUCTS (QC) INC., )<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant*. | Court No. 22-00097 |

**PLAINTIFFS' OPPOSITION TO
THE COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL
TRADE INVESTIGATIONS OR NEGOTIATIONS ("COALITION")'S
MOTION TO INTERVENE**

Pursuant to Rule 7 of the Rules of the United States Court of International Trade, Plaintiffs GreenFirst Forest Products Inc. and GreenFirst Forest Products (QC) Inc. (collectively, "GreenFirst"), opposes the Committee Overseeing Action for Lumber International Trade Investigations ("COALITION")'s April 25, 2022 Motion to Intervene.[1]  The COALITION's arguments for intervening are based upon a mischaracterization of GreenFirst's case and its intervention would prejudice GreenFirst by causing unnecessary delay.  The COALITION cannot intervene as a matter of right and should not be permitted to intervene because the result of this action will have no effect on its interests.

---

[1] Motion to Intervene and accompanying Memorandum of Law of the Committee Overseeing Action for Lumber International Trade Investigations, Ct. No. 22-97, ECF No. 12 (citations to the motion and accompanying memorandum take the form "COALITION's Motion at __").

I.  **THE COALITION MISCHARACTERIZES THIS CASE BY IGNORING THAT THE RESULT WILL NOT AFFECT GREENFIRST'S CASH DEPOSIT RATE**

The foundation of the COALITION's argument for intervention is that it has an interest in preventing GreenFirst from obtaining a lower cash deposit rate than the "all-others" cash deposit rate currently assigned to GreenFirst.  *See* COALITION's Motion at 3 n.3 (describing incorrectly the purpose of this action as being about "whether GreenFirst may engineer a lower cash deposit rate . . .").  Indeed, the COALITION argues that its interest in this case "exceeds that of domestic parties" in other cases "because this case deals with the amount of cash deposits required by Commerce on *future entries*."  *Id*. at 8-9 (emphasis in original).  The COALITION is arguing against a case that does not exist while ignoring the action actually before the Court.

Although Commerce's refusal to consider whether GreenFirst is the successor-in-interest to RYAM is causing it millions of dollars of injury in incorrect cash deposits, this action before the Court does not deal with the amount of cash deposits required by Commerce.  Nor does this case deal with whether GreenFirst is the successor-in-interest to RYAM, as the COALITION admits.  *Id*. at 3 n.3.  GreenFirst has challenged *only* Commerce's arbitrary refusal to initiate a changed circumstances review ("CCR") and refusal to consider the successor-in-interest question.  To be clear, GreenFirst believes it is entitled to a lower cash deposit rate because of its successor-in-interest status.  However, that issue is not before the Court because Commerce did not reach it.  Commerce refused to consider that issue when it arbitrarily refused to initiate a CCR.  The only issue before this Court is whether Commerce should have initiated a CCR, and the relief GreenFirst has requested is that the Court order Commerce to initiate a CCR.

Because the cash deposit amount is not before the Court, should GreenFirst succeed in this action, there would be no change to its cash deposit rate.  The only effect would be that Commerce would initiate a CCR.  As the COALITION admits, that CCR would be a proceeding

2

in which the COALITION could participate fully and which would lead to a final determination upon which the COALITION would have a statutory right to seek judicial review or intervene in any judicial action.  *Id*. at 4.  Put simply, the law does not recognize the COALITION's claimed interest in Commerce's decision about whether to initiate a CCR because a decision whether to merely initiate has no effect on the COALITION.  Instead, the law only recognizes such an interest once Commerce actually conducts that proceeding and renders a substantive determination, because only then might there be an effect on the COALITION.

Therefore, because the outcome of this challenge will not affect GreenFirst's cash deposit rate or its successor-in-interest status, the COALITION's premise for intervention does not exist and it has no recognizable interest given the limited and unique posture of this action.

**II.     THE COALITION'S INTERVENTION WOULD PREJUDICE GREENFIRST BY CAUSING UNNECESSARY DELAY**

Not only do the COALITION's reasons for seeking intervention not exist, but the COALITION's intervention in this action would prejudice GreenFirst by causing unnecessary delay.  As GreenFirst explained in its complaint, the longer it takes for Commerce to begin making the successor-in-interest determination, the longer GreenFirst must suffer the injury caused by Commerce's arbitrary refusal to do so.  In the first instance, until Commerce conducts its CCR, GreenFirst will be burdened with acting as if it were not the successor to RYAM for purposes of Commerce's proceedings when in fact GreenFirst took the entirety of RYAM's lumber operations.  This means, for example, that Commerce will fail to combine sales made by GreenFirst and RYAM in its analysis of which respondents to select for individual examination in its administrative reviews.  And of course, GreenFirst will necessarily continue suffering the injury of paying incorrect cash deposits as long as Commerce makes no successor-in-interest determination.  But as explained above, that substantive determination is not presently before

3

this Court. Rather, Commerce will only consider that issue after it takes the procedural step of initiating a CCR.

These injuries compound for GreenFirst daily. For that reason, GreenFirst intends to move expeditiously in litigating this action. Permitting the COALITION to intervene despite it having no recognizable interest in this action would serve only to delay the proceeding through additional, unnecessary briefing and the unnecessary expenditure of resources. *See, e.g.*, *Manuli Autoadevsivi SpA v. United States*, 602 F. Supp. 96, 98-99 (Ct. Int'l Trade 1985) ("additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair."). Neither the interests of the parties nor the interests of this Court are served by such unnecessary delay and the extension of GreenFirst's injury.

### III. THE COALITION CANNOT INTERVENE AS A MATTER OF RIGHT AND SHOULD NOT BE PERMITTED TO INTERVENE

The COALITION anchors its argument for intervention on a purported interest in prohibiting GreenFirst from obtaining a lower cash deposit rate — an issue which is not before this Court. Consequently, the COALITION does not satisfy the standards for intervention as a matter of right or permissive intervention.

#### A. The COALITION Cannot Intervene as a Matter of Right

The COALITION recognizes that it does not have a traditional right to intervene in this action because GreenFirst could not have initiated it under 28 U.S.C. § 1581(c). COALITION's Motion at 4. Nevertheless, the COALITION argues that it has a right to intervene pursuant to Rule 24(a)(2) of the Rules of this Court. As the COALITION notes, reliance upon Rule 24(a)(2) requires it to have a legally protectable interest in the property affected by the case, its interest must be so direct and immediate that it will gain or lose by the direct legal operation and effect

4

of the judgment, and its interest must not adequately be addressed by the government's participation. *Id*. at 5.² The absence of even one of the foregoing requirements precludes the COALITION from establishing a right to intervene under Rule 24(a)(2). *See Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns*, 695 F.3d 1310, 1315 (Fed. Cir. 2012). The COALITION fails to satisfy any of these requirements.

1. **The COALITION does not have a "legally protectable" interest in this action**

The COALITION asserts "legally protectable" interests inapplicable to the case at bar. Again, this case concerns Commerce's failure to initiate a changed circumstance review based on its application of an arbitrary and capricious standard to GreenFirst. It is not a challenge to "the CVD order on softwood lumber from Canada." COALITION's Motion at 6. Nor does it concern a "determination" by Commerce. *Id*. at 7 ("Were this Court to find merit with any of GreenFirst's arguments, the underlying determination reached by Commerce could be disturbed."). Insofar as the COALITION claims it has a right to intervene because it "was a party to the proceeding in connection with which this matter arose," its claims are premature. *Id*. at 7; *id*. at 6 ("In the administrative proceeding underlying this appeal, the COALITION actively participated."). As the COALITION notes, the domestic industry has a legally protectable right to participate in administrative proceedings. *Id*. at 6. Without initiation, there exists no such proceeding in which the COALITION can take an interest.

Moreover, the COALITION's accusations against GreenFirst do not rise to the level of a legally protectable interest in *this action*.³ The COALITION claims it should be allowed to

---

² We do not dispute that the COALITION's motion was timely, which is also required for intervention under Rule 24(a)(2).

³ The COALITION, at footnote three of its Memorandum, accuses GreenFirst of employing a litigation strategy intended to "manipulate procedures to obtain a lower cash deposit rate."

5

intervene in this case because it "has an interest in ensuring that Commerce's CCR process is not selectively deployed by Canadian exporters and producers to manipulate their cash deposit rate." *Id*. at 7.  As an initial matter, the issue before the Court is only whether Commerce should initiate a changed circumstances review, not what Commerce should decide within the context of that review.  The COALITION's manipulation claims, while absurd, can be properly presented to Commerce within the context of a changed circumstances review once it is initiated, *i.e.*, they are irrelevant to *this case*.  Whatever potential manipulation the COALITION has imagined can only occur should Commerce make an affirmative successor-in-interest determination.  By asserting its interest at this early stage, the COALITION assumes the role of decision maker, presuming an affirmative finding that would allow GreenFirst "to expand its access to the U.S. market" using a cash deposit that undermines the trade remedy laws. *Id*. at 7.  As several Circuit Courts of Appeal have concluded, the COALITION cannot establish its right to intervene in this action based on its speculation as to the outcome of some further administrative proceeding not yet undertaken — and in which the COALITION would have the ability to participate.  *See, e.g.*, *Pub. Serv. Co. v. Patch*, 136 F.3d 197, 207 (1st Cir. 1998) ("if the plaintiffs prevail, then the {challenged electricity market restructuring plan} likely will fall—yet the district court will not

---

GreenFirst strongly opposes this mischaracterization.  GreenFirst appealed Commerce's failure to initiate a changed circumstance review of the countervailing duty ("CVD") order based on Commerce's application of the *Pasta from Turkey* standard, which GreenFirst claims to be arbitrary and capricious.  *See* Complaint of GreenFirst, Ct. No. 22-97, ECF No. 2 at ¶¶ 5, 6, 14-18, 21-24.  This standard is specific to CVD changed circumstance reviews, as distinguished from antidumping changed circumstance reviews.  *Certain Pasta from Turkey: Preliminary Results of Countervailing Duty Changed Circumstances Review*, 74 Fed. Reg. 47,225, 47,227 (Sept. 15, 2009) ("What may constitute sufficient grounds for initiating an AD CCR may not be sufficient grounds for initiating a CVD CCR.").  It is Commerce, not GreenFirst, that has established the different grounds for AD and CVD CCRs seeking a successor-in-interest determination, and GreenFirst can only challenge Commerce's arbitrary application of its *Pasta from Turkey* standard within the context of the CVD proceeding.

replace it with another of its own creation. Rather, the {government} will be left to devise a successor plan, and the {defendant-intervenors} will be able to participate fully in any such efforts."); *Wade v. Goldschmidt*, 673 F.2d 182, 186 (7th Cir. 1982) (rejecting intervention in a procedural challenge to an Environmental Impact Statement that would, if successful, commence a new public process that would protect the intervenor's interests following judgment).

### 2. The COALITION does not have a direct and immediate interest; the contingent nature of its interest means it cannot be impaired by this action

The COALITION has not established that it has a "direct and immediate" interest that could be impaired by the outcome of this appeal. The COALITION proposes three interests:

> (1) "GreenFirst requests relief that would affect the domestic industry's ability to compete against Canadian exports of softwood lumber on a level playing field"
>
> (2) "If Commerce had determined that GreenFirst was the successor-in-interest to RYAM, GreenFirst could make entries of subject merchandise using the cash deposit rate assigned to RYAM in the final results of AR2"
>
> (3) "because this case deals with the amount of cash deposits required by Commerce on *future entries*, the COALITION's interest in this action arguably exceeds that of domestic parties in appeals from final determinations of administrative reviews."

COALITION's Motion at 7-9. None of the above interests are implicated by the case at bar because, again, the only remedy that could result from the action in which the COALITION is now seeking to intervene is that Commerce initiates a changed circumstances review. The COALITION's claimed interests are predicated on Commerce making an affirmative successor-in-interest finding *at the end of such a review* and therefore will be fully protected by the COALITION's statutory right under 28 U.S.C. § 2631(j)(1)(B). Put simply, the COALITION's interests are not yet ripe, and thus cannot be impaired by this action.

7

This litigation deals with Commerce's failure to *initiate* a changed circumstance review. That is it. And unlike the COALITION's assertion — *Id*. at 8-9 ("because this case deals with the amount of cash deposits required by Commerce on <u>*future entries*</u>, the COALITION's interest in this action arguably exceeds that of domestic parties in appeals from final determinations of administrative reviews.") — this case does not deal with the amount of cash deposits required by Commerce on future entries. Mere initiation of a changed circumstances review has no material impact on cash deposits.

The COALITION's right to participate in the changed circumstances review and to challenge the final result will be preserved regardless of whether they are permitted to intervene in this appeal. As the COALITION recognized, Plaintiffs' requested relief is "that Commerce initiate a CCR." *Id*. at 7. If this Court were to grant the relief sought by GreenFirst, the result would be the initiation of a separate and subsequent administrative proceeding which the COALITION would have every right to participate in and eventually challenge (or defend) on the substantive merits. Thus its claim that "{i}f the COALITION is not permitted to intervene in this action, its ability to participate in, and potentially challenge, a possible remand determination may be foreclosed upon" is unfounded for the very reasons detailed in its Memorandum (*i.e.*, "Interested parties, such as the COALITION, that participated in the underlying Commerce proceeding, have a statutory right to participate in appeals of a final determination in a CCR when that challenge is commenced under section 516A of the Tariff Act." *Id*. at 4. "{T}he Tariff Act affords the domestic industry 'specific rights to . . . participate in administrative proceedings.'" *Id*. at 6. "{T}he Tariff Act recognizes the important role of the domestic industry in administrative proceedings before Commerce and in appeals of those proceedings to

8

this Court by granting the domestic industry the ability to participate in agency proceedings and challenge those determinations in court." *Id*. at 8).

### 3. Even if the COALITION had a recognizable interest in this action, it would be protected by the government's position

The only issue before the Court is whether Commerce acted arbitrarily when it refused to initiate a changed circumstance review. Insofar as the COALITION will take the position that Commerce properly refused to initiate, its position will be adequately represented by the government. As the COALITION recognized, "Commerce agreed with the COALITION regarding GreenFirst's CCR request." COALITION's Motion at 10. The COALITION nevertheless attempts to bolster its claim to inadequacy by superimposing a broader scope upon the case before the Court. *See id*. at 10 ("Were Plaintiffs to succeed in this litigation, the effectiveness of the CVD order might be diminished as exporters or producers not previously reviewed could claim to be the successor-in-interest to entities that have participated in administrative reviews under the CVD order to obtain lower cash deposit rates."). Importantly, when it decided not to initiate the changed circumstances review, Commerce did not rely on (or even mention) the COALITION's position in its refusals to initiate. Complaint of GreenFirst, Ct. No. 22-97, ECF No. 2 at Attachment A. Thus, the government is adequately positioned to defend its refusal to initiate based on the government's actual administrative rationale.

### B.     The COALITION Should Not be Permitted to Intervene

The COALITION alleges that it should be permitted to intervene in this action because it "would have had a statutory right to intervene had Commerce made a 'final determination' under section 516A of the Tariff Act" and that its "interests in this action is the same regardless of how GreenFirst alleges jurisdiction." COALITION's Motion at 11-12. The COALITION ignores the statute's explicit distinction between a party's right to intervene under 28 U.S.C. § 1581(c)

9

jurisdiction and the lack of such a right under 28 U.S.C. § 1581(i) jurisdiction. This distinction is not inconsequential but rather recognizes that a party's interest in an administrative proceeding does not manifest until a proceeding has commenced and a final determination on the merits has been issued. Once that occurs, the statute explicitly provides for an "interested party who was a party to the proceeding" to intervene in an action challenging that determination.

Conversely here, as discussed above, Commerce never initiated a CCR proceeding and never made a determination that would allow the COALITION to intervene. *Id*. at 11 ("Permissive intervention in this case is proper as the COALITION was a party to the Commerce proceeding giving rise to this case"). Had the statute intended for an interested party to have the ability to intervene in a matter concerning initiation of a changed circumstance review, it would have explicitly permitted it. The COALITION should not be afforded more permissions than contemplated by the statute.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit the motion to intervene should be denied.

Respectfully submitted,

/s/ Sarah E. Shulman

Yohai Baisburd
Jonathan Zielinski
Sarah E. Shulman

*Counsel to GreenFirst Forest Products Inc. and GreenFirst Forest Products (QC) Inc.*

Date: April 29, 2022