Slip Op. 22-52

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **GREENFIRST FOREST PRODUCTS INC. and GREENFIRST FOREST PRODUCTS (QC) INC.,** | |
| **Plaintiff,** | **Before: Claire R. Kelly, Judge** |
| **v.** | **Court No. 22-00097** |
| **UNITED STATES** | |
| **Defendant.** | |

## OPINION AND ORDER

[Denying the Committee Overseeing Action for Lumber International Trade Investigations or Negotiations' motion to intervene.]

Dated: May 20, 2022

Zachary J. Walker, Andrew W. Kentz, David A. Yocis, Nathaniel Maandig Rickard, Whitney M. Rolig, and Sophia J.C. Lin, Picard, Kentz & Rowe, LLP, of Washington, D.C., for proposed defendant-intervenor.

Sarah E. Shulman, Yohai Baisburd, and Jonathan Zielinski, Cassidy Levy Kent (USA) LLP, of Washington, D.C., for plaintiffs.

Kelly, Judge: Before the court is the Committee Overseeing Action for Lumber International Trade Investigations or Negotiations' (the "COALITION") motion to intervene as a defendant-intervenor in the above-entitled action. Mot. to Intervene, Apr. 25, 2022, ECF No. 12; see also Memo. of Law in Supp. of the [COALITION's] Mot. to Intervene, Apr. 25, 2022, ECF No. 12 ("COALITION Br."). Plaintiffs GreenFirst Forest Products Inc. and GreenFirst Forest Products (QC) Inc.

(collectively, "GreenFirst") commenced this action challenging the U.S. Department of Commerce's ("Commerce") decision not to conduct a changed circumstances review ("CCR") of Commerce's countervailing duty ("CVD") order covering softwood lumber from Canada after GreenFirst Forest Products (QC) Inc. allegedly acquired Rayonier A.M. Canada G.P.'s ("RYAM") lumber and newsprint businesses.  Compl., ¶¶ 1–3, 11, Mar. 25, 2022, ECF No. 2; see also Certain Softwood Lumber Products from Canada, 82 Fed. Reg. 51,814 (Dep't Commerce Nov. 8, 2017) (Final Affirmative [CVD] Determination, and Final Neg. Determination of Critical Circumstances), as amended by Certain Softwood Lumber Products from Canada, 83 Fed. Reg. 347 (Dep't Commerce Jan. 3, 2018) (Amended Final Affirmative [CVD] Determination and [CVD] Order) ("Softwood Lumber from Canada").

The COALITION contends that it has the right to intervene because it (i) participated in the administrative proceeding at the agency level; (ii) has a legally protectable interest as the intended beneficiary of the Softwood Lumber from Canada order; (iii) has an interest "in ensuring that Commerce's CCR process is not selectively deployed by Canadian exporters and producers to manipulate their cash deposit rate"; and (iv) may lose market share if GreenFirst ultimately succeeds in this action.[1]  COALITION Br. at 6–7; see also CIT Rule 24(a)(2).  Alternatively, the

---

[1] The COALITION concedes that it does not have a statutory right to intervene pursuant to CIT Rule 24(a)(1) and 28 U.S.C. § 2631(j)(1)(B) because GreenFirst did not commence this action pursuant to section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a.  COALITION Br. at 4; see also 28 U.S.C. § 2631(j)(1)(B).

COALITION contends that it should be permitted to intervene because it shares Defendant United States' presumed defense that Commerce properly denied GreenFirst's request for a CCR.[2]  Id. at 11–12; see also CIT Rule 24(b)(1)(B).

GreenFirst opposes the motion on the grounds that the COALITION's interest in this action is not direct or legally protectable because the only relief GreenFirst seeks is for Commerce to conduct a CCR.  Pls.' Opp'n to the [COALITION's] Mot. to Intervene, 2–3, Apr. 29, 2022, ECF No. 13 ("Pl. Br.").  GreenFirst asserts that it is not asking the court to find that Commerce should have applied RYAM's CVD cash deposit rate to GreenFirst's entries, but only that Commerce improperly denied GreenFirst's request for a CCR.  Id. at 2.  Thus, according to GreenFirst, the COALITION does not have a direct interest in this action because the COALITION would only be affected if Commerce were to ultimately apply RYAM's rate to GreenFirst after conducting the CCR.  Id. at 2–3.  Defendant filed no response to the motion, and the COALITION asserts that Defendant "does not oppose" the motion.  Mot. to Intervene at 3.  For the following reasons, the COALITION's motion to intervene as a right or permissively is denied.

---

[2] The United States has not yet filed any response to the Complaint.

## BACKGROUND[3]

On November 8, 2017, Commerce issued its final determination that the Canadian government provided countervailable subsidies for certain softwood lumber products from Canada, and on January 3, 2018, Commerce issued the amended Softwood Lumber from Canada CVD order.  Softwood Lumber from Canada, 83 Fed. Reg. at 347 and n.1.  GreenFirst alleges that at the time Commerce initially imposed CVDs on softwood lumber from Canada, RYAM was a Canadian softwood lumber producer and exporter, and was therefore subject to the CVD order.  Compl. ¶ 2.  However, RYAM was not examined as a respondent, so it was subject to the "all-others rate" of 14.19%.  See Softwood Lumber from Canada, 83 Fed. Reg. at 348–49. In subsequent administrative reviews of the CVD order, Commerce did not select RYAM as a respondent, but RYAM requested to be reviewed and was assigned the "non-selected companies rate."  See Compl. ¶ 2; Certain Softwood Lumber Products from Canada, 85 Fed. Reg. 77,163, 77,164, 77,167 (Dep't Commerce Dec. 1, 2020) (Final Results of the [CVD] Admin. Review, 2017–2018) (2017 non-selected rate of 7.26%, 2018 non-selected rate of 7.42%); Certain Softwood Lumber Products from Canada, 86 Fed. Reg. 68,467 (Dep't Commerce Dec. 2, 2021) (Final Results of the [CVD] Admin. Review, 2019), as amended by Certain Softwood Lumber Products

---

[3] Certain facts in the Background section are taken from the Complaint, and, although the COALITION admits certain of these facts in its proposed answer, such facts are allegations at this stage of the case.  Nothing in this Opinion and Order shall be construed as the court accepting GreenFirst's factual allegations as true or making any finding of fact where the facts are or may be disputed.

Court No. 22-00097                                                                          Page 5

from Canada, 87 Fed. Reg. 1,114, 1,115, 1,117 (Dep't Commerce Jan. 10, 2022) (Notice of Amended Final Results of the [CVD] Admin. Review, 2019) ("Softwood Lumber from Canada 2019 Review") (non-selected rate of 6.32%); see also Certain Softwood Lumber Products from Canada, 87 Fed. Reg. 6,500, 6,502, 6,504 (Dep't Commerce Feb. 4, 2022) (Prelim. Results, Partial Rescission, and Prelim. Intent to Rescind, in Part, the [CVD] Admin. Review, 2020) (non-selected rate of 6.88%).

Companies that import merchandise subject to CVD orders must pay cash deposits for entries subject to ongoing administrative reviews at the rate assigned to them during the most recently completed administrative review. See 19 U.S.C. § 1675(a); 19 C.F.R. § 351.212(a). As the Softwood Lumber from Canada order is currently subject to an ongoing administrative review, companies that import merchandise subject to Softwood Lumber from Canada must pay cash deposit at the rates assigned to them during the most recently completed administrative review. See Initiation of Antidumping and [CVD] Admin. Reviews, 87 Fed. Reg. 13,252, 13,259–62 (Dep't Commerce Mar. 9, 2022) (initiating, inter alia, administrative review of Softwood Lumber from Canada for 2021); see also 19 U.S.C. § 1675(a); 19 C.F.R. § 351.212(a). RYAM's cash deposit rate is 6.32% based on the most recently completed administrative review. Softwood Lumber from Canada 2019 Review, 87 Fed. Reg. at 1,115–17.

GreenFirst contends that it did not produce lumber prior to August 2021, but that it acquired RYAM's lumber and newsprint businesses on August 28, 2021. Compl. ¶¶ 2–3, 12. GreenFirst further alleges that because it acquired RYAM's entire lumber and newsprint business, including RYAM's mills, inventory, employees, customers, and vendor relationships, GreenFirst is the successor-in-interest to RYAM. Id. ¶¶ 3–4. On October 4, 2021, after allegedly acquiring RYAM's lumber and newsprint business, GreenFirst requested that Commerce conduct a CCR to determine that GreenFirst is RYAM's successor-in-interest. Id. ¶¶ 4, 13, Attach. A; see also Answer to Complaint of [COALITION], ¶¶ 4, 13, Apr. 25, 2022, ECF No. 12-1 ("Proposed Answer"). If Commerce determines that GreenFirst is RYAM's successor-in-interest, GreenFirst would be subject to RYAM's cash deposit rate of 6.32% rather than the all-others rate of 14.19% from Commerce's initial investigation. Compl. ¶ 4; Proposed Answer ¶¶ 11, 13.

However, on November 16, 2021, Commerce denied GreenFirst's request to initiate a CCR. Compl. ¶ 14, Attach. A; see also Proposed Answer ¶ 14. Commerce stated that its practice is to conduct a CCR only when there is no evidence of a significant change that could have affected the nature and extent of subsidization. Compl., Attach. A (citing Certain Pasta from Turkey, 74 Fed. Reg. 47225, 47227–28 (Dep't Commerce Sept. 15, 2009) (Prelim. Results of [CVD CCR]), unchanged in Certain Pasta From Turkey, 74 Fed. Reg. 54022 (Dep't Commerce Oct. 21, 2009) (Final Results of [CVD CCR])). Thus, Commerce will only conduct a CCR, in which

it might find that "the respondent company is the same subsidized entity for CVD cash deposit purposes as the predecessor company," where there are no significant changes such as the "purchase or sales of significant productive facilities." Id. Commerce found that GreenFirst's acquisition of RYAM's lumber and newsprint businesses constituted a significant change. Id. On January 18, 2022, GreenFirst requested that Commerce reconsider its refusal to initiate a CCR. Compl. ¶ 15; Proposed Answer ¶ 15. On February 24, 2022, Commerce denied GreenFirst's request for reconsideration, again finding that a significant change had taken place, and therefore, according to its practice, determined not to conduct a CCR. Compl., ¶ 18, Attach. A; Proposed Answer ¶ 18.

On March 25, 2022, GreenFirst commenced this action, requesting that the court find Commerce's refusal to initiate a CCR to be arbitrary and capricious. Compl. ¶¶ 24, 27. The COALITION now moves to intervene as a defendant-intervenor. Mot. to Intervene at 3.

## DISCUSSION

The COALITION does not have a right to intervene in this action under CIT Rule 24(a)(2). The COALITION does not have a legally protectable interest in the outcome of this action, any interest the COALITION does have in this action is not of such a direct and immediate character that the COALITION will gain or lose by the direct legal operation and effect of the judgment, and the COALITION fails to demonstrate that Defendant will not adequately represent the COALITION's interest

in this action.  The court also declines to permit the COALITION to intervene in this action under CIT Rule 24(b)(1)(B) because the COALITION has not demonstrated that it shares a defense with Defendant.

## I.    Intervention as of Right

CIT Rule 24(a)(2) provides, in relevant part, "On a timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  CIT Rule 24(a)(2).  The court will grant a motion to intervene under CIT Rule 24(a)(2) when the movant establishes: (1) the motion is timely; (2) the movant asserts a legally protectable interest in the property at issue; (3) the movant's interest is "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment"; and (4) the movant's interest will not be adequately represented by the government.  Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fisherman's Ass'ns, 695 F.3d 1310, 1315 (Fed. Cir. 2012) (internal quotation marks omitted).

Here, although the COALITION's motion is timely, it fails to meet the other three conditions.[4]  Specifically, the COALITION has not met its burden in demonstrating a direct, immediate, or legally protectable interest in this case or that the Defendant will not adequately represent the COALITION's interests.  The COALITION asserts four interests in this case: (1) a participatory interest based on its participation in the proceedings before Commerce; (2) a beneficiary interest in enforcing the <u>Softwood Lumber from Canada</u> order; (3) an economic interest in ensuring GreenFirst pays the all-others rate rather than RYAM's most recent rate because the COALITION's members may lose market share to GreenFirst if GreenFirst pays a lower cash deposit rate; and (4) an interest in protecting the integrity of Commerce's CCR procedures.  COALITION Br. at 6–7.  GreenFirst contends that (1) there was no administrative proceeding below because Commerce refused to initiate a CCR, and the COALITION will have the right to participate if the court orders Commerce to conduct such an administrative proceeding; (2) GreenFirst is not challenging Commerce's <u>Softwood Lumber from Canada</u> order; (3)

---

[4] The COALITION also contends that it has standing to intervene because it "intends to seek the same relief as that sought by the Defendant."  COALITION Br. at 11. However, standing is not a requirement for parties seeking to intervene as a defendant-intervenor unless they invoke the court's jurisdiction by seeking some sort of affirmative relief.  <u>See</u> <u>NLMK Pennsylvania, LLC v. United States</u>, 553 F. Supp. 3d 1354, 1364 n.12 (citing, inter alia, <u>Virginia House of Delegates v. Bethune-Hill</u>, 139 S. Ct. 1945, 1952 (2019) (defendant-intervenor "did not need to establish standing" to participate in district court, but did need standing to appeal); <u>City of Chicago v. Fed. Emergency Mgmt. Agency</u>, 660 F.3d 980 (7th Cir. 2011) (proposed defendant-intervenor required to demonstrate standing to assert crossclaim)).

GreenFirst's cash deposit rate will not be affected by the outcome of this action; and (4) GreenFirst is not attempting to manipulate its cash deposit rate, but the COALITION will have the opportunity to assert such claims if Commerce conducts a CCR. Pl. Br. at 5–7.

The COALITION does not have a legally protectable interest in this action because this action is limited to the question of whether Commerce arbitrarily or capriciously decided not to conduct a CCR. The only relief GreenFirst stands to gain in this action is an order remanding Commerce's decision not to conduct a CCR. <u>See</u> Compl., ¶¶ 28–31. Thus, even assuming the COALITION has the interests it claims to have, the COALITION fails to reconcile its purported interests in this action with what GreenFirst seeks. The COALITION may have a beneficiary interest in defending <u>Softwood Lumber from Canada</u>, but GreenFirst is not attacking <u>Softwood Lumber from Canada</u>, so the COALITION's beneficiary interest is not relevant to this action. The COALITION may have an economic interest in GreenFirst's cash deposit rate, but GreenFirst's cash deposit rate is not at issue in this action. <u>See also</u> <u>Am. Maritime Transp., Inc. v. United States</u>, 870 F.2d 1559, 1562 (Fed. Cir. 1989) (economic interests are insufficient to intervene). The COALITION may have an interest in protecting the integrity of Commerce's CCR procedures against manipulation, but the only issue in this case is whether Commerce should have initiated a CCR at all, not GreenFirst's purported manipulation of the CCR procedures to affect its cash deposit rate. Indeed, GreenFirst's cash deposit rate will

remain unchanged regardless of the outcome of this action.  Finally, the COALITION

may have an interest in challenges to a CCR in which it participates, but there was

no CCR here.  Commerce decided not to conduct a CCR, which is the administrative

proceeding in which the COALITION would participate.  Having not conducted the

relevant administrative proceeding, the COALITION has no participatory interest

that is relevant to GreenFirst's action.

The only statutes the COALITION cites in support of its purported

participatory interest do not apply to intervening in an action challenging

Commerce's refusal to initiate a CCR.  <u>See</u> COALITION Br. at 4 (citing 19 U.S.C.

§ 1516a(a)(2)(B)(iii) (permitting interested parties to commence actions challenging

final determinations made under 19 U.S.C. § 1675),[5] 7 (citing 28 U.S.C. § 2631(j)(1)(B)

(applicable to civil actions commenced under 19 U.S.C. § 1516a, which, as the

COALITION concedes, is not the statute under which GreenFirst commenced this

action, <u>see</u> Mot. to Intervene at 2)).  Commerce's regulations make clear that the

COALITION's ability to participate in a CCR begins once Commerce decides to

initiate such a review.  <u>See</u> 19 C.F.R. § 351.216(d) ("If the Secretary decides that

changed circumstances sufficient to warrant a review exist, the Secretary will

conduct a changed circumstances review in accordance with § 351.221 [setting forth

---

[5] Commerce's decisions not to initiate a CCR are not reviewable under 19 U.S.C. § 1516a(2)(B)(iii).  <u>See</u> <u>Trustees in Bankr. of N. Am. Rubber Thread Co. v. United States</u>, 593 F.3d 1346, 1353 (Fed. Cir. 2010) (decisions by Commerce not to initiate a CCR are not reviewable under 19 U.S.C. § 1516a because they are not published in the Federal Register).

procedures for conducting a review, including the rights of interested parties to participate]"). Indeed, Commerce is not obligated to seek input from the domestic industry. Id. § 351.221(c)(3)(iii). Thus, the COALITION does not have a participatory right stemming from Commerce's refusal to initiate a CCR.

Moreover, whatever interests the COALITION does have in relation to this action will not be directly affected by the judgment. As discussed, the only relief that GreenFirst stands to gain is an order remanding Commerce's decision not to initiate a changed circumstances review. Thus, the judgment in this action will have no direct or immediate consequences for the COALITION or its members. See Wolfsen, 695 F.3d at 1315. The judgment will not affect the COALITION's ability to defend the Softwood Lumber from Canada order. The judgment will not affect the COALITION's participation in any CCR or prevent it from making whatever arguments it wants in order to protect the CCR process against any purported manipulation. The judgment will not have any effect on GreenFirst's cash deposit rate, and therefore the COALITION and its members will not be impacted economically. The only direct and immediate impact a judgment in this action will have is whether Commerce will conduct a CCR with respect to GreenFirst's acquisition of RYAM's lumber and newsprint businesses. Therefore, any effect on the COALITION will be indirect and attenuated.

Finally, the COALITION's interest "in the robust enforcement and administration of the trade remedy laws," see COALITION Br. at 10, is adequately

represented by Defendant.   The COALITION contends that its interest in the

enforcement of the trade remedy laws differs from Commerce's because Commerce

"acts as an impartial decision-maker."   Id.   However, it is not clear what distinction

the COALITION is drawing between its interest and the Defendant's.[6]   Even taking

the COALITION's construction of the relevant interests at face value, there does not

appear to be any incongruence between "the robust enforcement and administration

of the trade remedy laws" and "an impartial decision-maker" enforcing and

administering those laws.   See id.   The COALITION's Proposed Answer demonstrates

that it seeks to defend Commerce's decision not to initiate a CCR.   See generally

Proposed Answer.   The Defendant is perfectly capable of defending Commerce's

decision, and the COALITION does not point to any aspect of the case in which its

position differs from the Defendant's.[7]   The COALITION fails to meet its burden to

demonstrate that it has a right to intervene.

---

[6] The COALITION contrasts its interests with those of Commerce, not the United
States.   COALITION Br. at 10.   The United States is defending Commerce's decision,
so the United States is not acting as a neutral decision maker, but rather is in the
same position as the COALITION seeks to be.   Therefore, the COALITION's
argument that its interests will not be adequately represented is incorrect.

[7] As discussed, Defendant has not yet responded to the Complaint.   The COALITION
and GreenFirst presume that the Defendant will defend Commerce's decision not to
initiate a CCR.   See COALITION Br. at 10 n.5; Pl. Br. at 9.   Even if the Defendant
ultimately takes a position different than the COALITION's, the COALITION has
not met its burden to intervene as of right for the reasons stated above.

## II.    Permissive Intervention

The court also declines to permit the COALITION to intervene.  The court may permit a party to intervene under CIT Rule 24(b)(1)(B) if the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact."  If a proposed intervenor satisfies the requirements of CIT Rule 24(b)(1)(B), the court has discretion as to whether to permit intervention, and "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  CIT Rule 24(b)(3).  The court considers three factors on a motion for permissive intervention under CIT Rule 24(b)(1)(B): "a) whether the intervenor's [defense] has a question of law or fact in common with the [defendant]; b) whether the application is timely; and c) whether the intervention will unduly delay or prejudice the adjudicative rights of the original parties."  Manuli Autoadesivi, S.p.A. v. United States, 9 CIT 24, 26, 602 F. Supp. 96, 98 (1985).  Moreover, intervention is "subject to the limitations in 28 U.S.C. § 2631(j)."  Rhone Poulenc, Inc. v. United States, 14 CIT 364, 365, 738 F. Supp. 541, 542 (1990).  The statutory limitation relevant here provides that, "[a]ny person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action."  28 U.S.C. §§ 2631(j)(1)(B), (2); see also Manuli, 9 CIT at 25–26.

Here, the COALITION claims that it meets the standard under CIT Rule 24(b)(1)(B) because it shares a common defense with the Defendant.[8]  COALITION Br. at 11–12.  However, the COALITION fails to adequately demonstrate that it shares a defense to GreenFirst's claims because it does not sufficiently allege that it will be adversely affected or aggrieved by a decision in this action.  The COALITION relies on its Proposed Answer in support of its position that both it and the Defendant share the defense that "Commerce properly rejected GreenFirst's request for a CCR." Id. at 12.  Without more, that argument is insufficient because the COALITION does not explain why it has an interest in this action such that it has a defense to GreenFirst's claims that it should be permitted to assert.    See 28 U.S.C § 2631(j)(1)(B).  Simply mimicking the Defendant's defense of its own interest falls short of this standard.  Id.  Indeed, the COALITION does not have a defense to GreenFirst's claims because the COALITION will not be "adversely affected or aggrieved" as a result of the court's resolution of GreenFirst's claims in this action. Id.; see also Compl., ¶¶ 28–31.  The COALITION has not shown that it will add anything or that Defendant will not adequately defend its position and therefore the court need not address whether intervention "will unduly delay or prejudice the

---

[8] The COALITION does not claim a conditional statutory right to intervene under 28 U.S.C. § 2631(j).  Nonetheless, as stated in Manuli, 28 U.S.C. § 2631(j) limits permissive intervention in all cases to parties who would be adversely affected or aggrieved.  See Manuli, 9 CIT at 25–26.  As discussed below, without such a limitation, any potential party could claim a shared defense by mimicking the defense asserted by the defendant.

Court No. 22-00097                                                                    Page 16

adjudication of the original parties' rights."  CIT Rule 24(b)(3).  The motion for

permissive intervention is denied.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Motion to Intervene is DENIED.


                                                    /s/ Claire R. Kelly
                                                    Claire R. Kelly, Judge

Dated:        May 20, 2022
              New York, New York