IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |
|---|---|
| GREENFIRST FOREST PRODUCTS INC. AND GREENFIRST FOREST PRODUCTS (QC) INC., ) ) ) ) | |
| *Plaintiffs*, ) ) | |
| v. ) ) | Court No.  22-00097 |
| UNITED STATES, ) ) ) | |
| *Defendant*. ) ) | |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs GreenFirst Forest Products Inc. and GreenFirst Forest Products (QC) Inc. (collectively, "GreenFirst"), respectfully provide this notice of supplemental authority concerning the U.S. Department of Commerce's ("the Department") recent preliminary determination to treat GreenFirst as the successor-in-interest to Rayonier A.M. Canada G.P. ("RYAM") for the purpose of assigning an antidumping duty ("AD") cash-deposit rate under the *Softwood Lumber from Canada* AD order.  For the Court's convenience, the Federal Register notice announcing the preliminary results is attached.

As explained in our November 17, 2022, *Notice of Supplemental Authority* (ECF No. 25), GreenFirst initially requested that the Department conduct an AD CCR in parallel with the countervailing duty ("CVD") changed circumstance review request before the Court.  The Department declined to initiate GreenFirst's requests on November 17, 2021.  On September 29, 2022 — while the Department's failure to initiate GreenFirst's CVD CCR request was pending before this Court — GreenFirst refiled its request for an AD CCR with the Department.  The Department initiate a CCR based upon GreenFirst's refiled request, published as *Certain*

*Softwood Lumber Products from Canada: Initiation of Antidumping Duty Changed Circumstances Review*, 87 Fed. Reg. 69,004 (Nov. 17, 2022).  The Department has now determined that "based on the totality of the circumstances under Commerce's successor-in-interest criteria, GreenFirst QC operates as materially the same business entity as RYAM with respect to the production and sale of subject merchandise," and thus, GreenFirst is the successor-in-interest to RYAM.  **Attachment** at 32,733.

We recognize that the Department applies a different standard for initiating and reviewing an AD CCR which is distinct from the CVD standard at issue in the case at bar.  GreenFirst counsel submits this subsequent authority simply to make the Court aware that the Department initiated an AD CCR with respect to GreenFirst, analyzed in detail whether there have been any relevant changes to the company since GreenFirst's acquisition, and has now preliminarily determined that there were no relevant changes such that GreenFirst is the successor-in-interest to RYAM.  In other words, the Department has determined in the AD proceeding that GreenFirst is the successor-in-interest to RYAM because there were no relevant changes to its structure and operations following the acquisition but determined concurrently in the CVD proceeding that the same acquisition was a "significant change" that prohibits the Department from even initiating a CCR.

        Respectfully submitted,

        /s/ Yohai Baisburd

        Yohai Baisburd
        Jonathan Zielinski
        Sarah E. Shulman

        *Counsel to GreenFirst Forest Products Inc.*
        *and GreenFirst Forest Products (QC) Inc.*

Date:   May 23, 2023

# Attachment

**Notification to Interested Parties**

Interested parties are invited to comment on the completeness of this list of completed scope inquiries and scope/circumvention inquiry combinations made during the period January 1, 2023, through March 31, 2023. Any comments should be submitted to the Deputy Assistant Secretary for AD/CVD Operations, Enforcement and Compliance, International Trade Administration, via email to *CommerceCLU@trade.gov.*

This notice is published in accordance with 19 CFR 351.225(o).

Dated: May 16, 2023.

**James Maeder,**

*Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations.*

[FR Doc. 2023–10854 Filed 5–19–23; 8:45 am]

**BILLING CODE 3510–DS–P**

## DEPARTMENT OF COMMERCE

### International Trade Administration

[A–122–857]

### Preliminary Results of Changed Circumstances Review: Antidumping Duty Order on Certain Softwood Lumber Products From Canada

**AGENCY:** Enforcement and Compliance, International Trade Administration, Department of Commerce.

**SUMMARY:** The U.S. Department of Commerce (Commerce) preliminarily determines that GreenFirst Forest Products (QC) Inc. (GreenFirst QC) is the successor-in-interest to Rayonier A.M. Canada G.P. (RYAM) and, accordingly, that subject merchandise produced and/or exported by GreenFirst QC should be assigned the cash deposit rate established for subject merchandise produced and/or exported by RYAM for purposes of the antidumping duty order on certain softwood lumber products (softwood lumber) from Canada.

**DATES:** Applicable May 22, 2023.

**FOR FURTHER INFORMATION CONTACT:** Zachary Shaykin, AD/CVD Operations, Office IV, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce, 1401 Constitution Avenue NW, Washington, DC 20230; telephone: (202) 482–2638.

**SUPPLEMENTARY INFORMATION:**

### Background

On November 17, 2022, Commerce published the initiation of a changed circumstances review (CCR) on the antidumping duty order[1] of softwood lumber from Canada.[2] Commerce declined to combine the *Initiation Notice* with the preliminary results of the CCR,[3] citing the need to issue an additional supplemental questionnaire to GreenFirst Forest Products Inc. (GreenFirst Forest Products) and its subsidiary, GreenFirst QC (collectively, GreenFirst), regarding GreenFirst QC's ownership and management, supplier base, and customer base.[4] On December 16, 2022 and April 17, 2023, we issued supplemental questionnaires to GreenFirst requesting this information.[5] On December 27, 2022 and April 24, 2023, GreenFirst timely responded to these supplemental questionnaires.[6] On January 6 and 13, 2023, the Committee Overseeing Action for Lumber International Trade Investigations or Negotiations (COALITION) and GreenFirst submitted rebuttal and surrebuttal comments, respectively regarding GreenFirst's First Supplemental Response.[7] No other interested party submitted comments or factual information regarding GreenFirst's request.

### Scope of the Order

The products covered by the *Order* is softwood lumber from Canada. For a complete description of the scope of the *Order, see* the Preliminary Decision Memorandum.[8]

### Legal Framework

In determining whether one company is the successor-in-interest to another company as part of an antidumping duty proceeding, Commerce examines several factors including, but not limited to: (1) management and ownership; (2) production facilities; (3) supplier relationships; and (4) customer base.[9] Although no single, or even several, of these factors will necessarily provide a dispositive indication of succession, generally, Commerce will consider a company to be the successor-in-interest if its resulting operation is not materially dissimilar to that of its predecessor.[10] Thus, if the "totality of circumstances" demonstrate that, with respect to the production and sale of the subject merchandise, the new company operates as essentially the same business entity as the prior company, Commerce will assign the successor-in-interest the cash deposit rate of its predecessor.[11]

### Preliminary Results of Review

We preliminarily determine that GreenFirst QC is the successor-in-interest to RYAM for purposes of the *Order.* Record evidence submitted by GreenFirst indicates that, based on the totality of the circumstances under Commerce's successor-in-interest criteria, GreenFirst QC operates as materially the same business entity as RYAM with respect to the production and sale of subject merchandise. In particular, we preliminarily find that while the management structure is materially dissimilar under Greenfirst QC from RYAM, there were not substantial changes in ownership. In addition, we preliminarily find that GreenFirst's production facilities, supplier relationships, and customer base with regard to the subject merchandise are substantially the same as RYAM's before GreenFirst's acquisition of RYAM's lumber assets.

Therefore, based on record evidence, we preliminarily determine that GreenFirst QC is the successor-in-interest to RYAM, and the cash deposit rate assigned to RYAM should be the rate for GreenFirst QC as a result of this successor-in-interest finding. Should Commerce's final results of review remain the same as these preliminary results of review, GreenFirst QC will be

---

[1] *See Certain Softwood Lumber Products from Canada: Antidumping Duty Order and Partial Amended Final Determination,* 83 FR 350 (January 3, 2018) (*Order*).

[2] *See Certain Softwood Lumber Products from Canada: Initiation of Antidumping Duty Changed Circumstances Review,* 87 FR 69004 (November 17, 2022) (*Initiation Notice*).

[3] *See* 19 CFR 351.221(c)(3)(ii).

[4] *See Initiation Notice.*

[5] *See* Commerce's Letters, "Investigation of Certain Softwood Lumber Products from Canada: Supplemental Questionnaire," dated December 16, 2022; and "Changed Circumstances Review of Certain Softwood Lumber Products from Canada: Second Supplemental Questionnaire," dated April 17, 2023.

[6] *See* GreenFirst's Letters, "Softwood Lumber from Canada: Supplemental Questionnaire Response," dated December 27, 2022 (First Supplemental Response); and "Softwood Lumber from Canada: Second Supplemental Questionnaire Response," dated April 24, 2023.

[7] *See* COALITION's Letter, "Certain Softwood Lumber Products from Canada: Comments on GreenFirst's Response to Supplemental Questionnaire," dated January 6, 2023; *see also* GreenFirst's Letter, "Softwood Lumber from Canada: Rebuttal Factual Information and Comments on Petitioner's January 6, 2023, Submission," dated January 13, 2023.

[8] *See* Memorandum, "Decision Memorandum for the Preliminary Results of Changed Circumstances Review: Certain Softwood Lumber Products from Canada," dated concurrently with, and hereby adopted by, this notice (Preliminary Decision Memorandum).

[9] *See, e.g., Ball Bearings and Parts Thereof from France: Final Results of Changed-Circumstances Review,* 75 FR 34688 (June 18, 2010), and accompanying Issues and Decision Memorandum (IDM) at Comment 1.

[10] *See, e.g., Fresh and Chilled Atlantic Salmon from Norway; Final Results of Changed Circumstances Antidumping Duty Administrative Review,* 64 FR 9979, 9980 (March 1, 1999).

[11] *Id.; see also Brass Sheet and Strip from Canada: Final Results of Administrative Review,* 57 FR 20461 (May 13, 1992), and accompanying IDM at Comment 1.

assigned the cash deposit rate currently assigned to RYAM with respect to the subject merchandise (*i.e.,* 4.76 percent).[12] Therefore, we will instruct U.S. Customs and Border Protection to suspend liquidation of entries of softwood lumber from Canada produced and/or exported by GreenFirst QC, effective on the publication date of the final results, at the cash deposit rate for estimated antidumping duties assigned to RYAM.

For the complete successor-in-interest analysis, *see* the Preliminary Decision Memorandum. A list of topics discussed in the Preliminary Decision Memorandum is included as the appendix to this notice. The Preliminary Decision Memorandum is a public document and is on file electronically via Enforcement and Compliance's Antidumping and Countervailing Duty Centralized Electronic Service System (ACCESS). ACCESS is available to registered users at *https://access.trade.gov.* In addition, a complete version of the Preliminary Decision Memorandum can be accessed directly at *https://access.trade.gov/public/FRNoticesListLayout.aspx.*

## Public Comment

In accordance with 19 CFR 351.309(c)(1)(ii), interested parties may submit case briefs not later than 30 days after the date of publication of this notice. Rebuttal briefs, limited to issues raised in the case briefs, may be filed no later than seven days after the due date for case briefs, in accordance with 19 CFR 351.309(d).[13] Parties who submit case or rebuttal briefs are encouraged to submit with each argument: (1) a statement of the issue; (2) a brief summary of the argument; and (3) a table of authorities.[14]

All comments are to be filed electronically via ACCESS and must be served on interested parties.[15] Note that Commerce has temporarily modified certain of its requirements for serving documents containing business proprietary information, until further notice.[16] An electronically filed document must be received successfully in its entirety by ACCESS by 5:00 p.m. Eastern Time on the day on which it is due.

Pursuant to 19 CFR 351.310(c), any interested party may request a hearing within 30 days of publication of this notice in the **Federal Register**. Hearing requests should contain the following information: (1) the party's name, address, and telephone number; (2) the number of participants; and (3) a list of the issues to be discussed. Oral presentations at the hearing will be limited to issues raised in the briefs. If a request for a hearing is made, Commerce intends to hold the hearing at a time and date to be determined. Parties should confirm the date and the time of the hearing two days before the scheduled date.

## Final Results of Review

Consistent with 19 CFR 351.216(e), we intend to issue the final results of this CCR no later than 270 days after the date on which this review was initiated.

## Notification to Interested Parties

This notice is published in accordance with sections 751(b)(1) and 777(i)(1) of the Tariff Act of 1930, as amended and 19 CFR 351.221(b)(4).

Dated: May 16, 2023.

**Ryan Majerus,**
*Deputy Assistant Secretary for Policy and Negotiations.*

## Appendix—List of Topics Discussed in the Preliminary Decision Memorandum

I. Summary
II. Background
III. Scope of the *Order*
IV. Successor-in-Interest Determination
V. Recommendation

[FR Doc. 2023–10858 Filed 5–19–23; 8:45 am]
**BILLING CODE 3510–DS–P**

---

## DEPARTMENT OF COMMERCE

### National Oceanic and Atmospheric Administration

**[RTID 0648–XD018]**

### New England Fishery Management Council; Public Meeting

**AGENCY:** National Marine Fisheries Service (NMFS), National Oceanic and Atmospheric Administration (NOAA), Commerce.

**ACTION:** Notice of a public meeting.

**SUMMARY:** The New England Fishery Management Council (Council) is scheduling a public hybrid meeting of its Risk Policy Working Group to consider actions affecting New England fisheries in the exclusive economic zone (EEZ). This meeting will be held in person with a webinar option. Recommendations from this group will be brought to the full Council for formal consideration and action, if appropriate.

**DATES:** This meeting will be held on Thursday, June 8, 2023, at 9 a.m.

**ADDRESSES:**

*Meeting address:* This meeting will be held at the enVision Hotel and Conference Center (formerly Holiday Inn), 31 Hampshire Street, Mansfield, MA 02048; telephone: (508) 339–2200.

*Webinar registration URL information: https://attendee.gotowebinar.com/register/3833909516029682784.*

*Council address:* New England Fishery Management Council, 50 Water Street, Mill 2, Newburyport, MA 01950.

**FOR FURTHER INFORMATION CONTACT:** Thomas A. Nies, Executive Director, New England Fishery Management Council; telephone: (978) 465–0492.

**SUPPLEMENTARY INFORMATION:**

### Agenda

The Risk Policy Working Group (RPWG) will address the terms of reference (TORs) approved by the New England Fishery Management Council (Council), including progress made in reviewing the Council's current Risk Policy, and Risk Policy Road Map (TOR 1). The RPWG will also begin considering possible changes to the Risk Policy (TOR 2), focusing on goals and objectives, identifying and defining key terms, and outlining how an updated Risk Policy could interact with existing ABC control rules used in each of the Council's Fishery Management Plans. Other business will be discussed, if necessary.

Although non-emergency issues not contained on the agenda may come before this Council for discussion, those issues may not be the subject of formal action during this meeting. Council action will be restricted to those issues specifically listed in this notice and any issues arising after publication of this notice that require emergency action under section 305(c) of the Magnuson-Stevens Act, provided the public has been notified of the Council's intent to take final action to address the emergency. The public also should be aware that the meeting will be recorded. Consistent with 16 U.S.C. 1852, a copy of the recording is available upon request.

### Special Accommodations

This meeting is physically accessible to people with disabilities. Requests for sign language interpretation or other auxiliary aids should be directed to Thomas A. Nies, Executive Director, at

---

[12] *See Certain Softwood Lumber Products from Canada: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2020,* 87 FR 48465 (August 9, 2022).

[13] Commerce is exercising its discretion under 19 CFR 351.309(d)(1) to alter the time limit for the filing of rebuttal briefs.

[14] *See* 19 CFR 351.30(c)(2) and (d)(2).

[15] *See generally* 19 CFR 351.303.

[16] *See Temporary Rule Modifying AD/CVD Service Requirements Due to COVID–19; Extension of Effective Period,* 85 FR 41363 (July 10, 2020).